UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| SUSAN ZACK, | )
| | )
| Plaintiff, | )   Case No. 1:14-cv-1078
| | )
| v. | )   Honorable Paul L. Maloney
| | )
| COMMISSIONER OF | )
| SOCIAL SECURITY, | )
| | )   **REPORT AND RECOMMENDATION**
| Defendant. | )
| | )

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On March 12, 2012, plaintiff filed her application for benefits. (PageID.175-81). She alleged a June 30, 2011, onset of disability. (PageID.175). Plaintiff's claim was denied on initial review. (PageID.80-91). On June 17, 2013, she received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (PageID.41-71). On July 10, 2013, the ALJ issued his decision finding that plaintiff was not disabled. (PageID.96-102). On August 14, 2014, the Appeals Council denied review (PageID.28-30), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. She asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ's factual finding regarding plaintiff's credibility is not supported by substantial evidence.

2. The ALJ failed to "properly evaluate" medical records.

3. The ALJ's decision finding that plaintiff was not disabled is not supported by substantial evidence because the hypothetical question posed to the vocational expert (VE) was inaccurate.

(Statement of Errors, Plf. Brief at 6, ECF No. 13, PageID.487).

Upon review of the record, and for the reasons stated herein, I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this Court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the Court's review is limited. *Buxton*, 246 F.3d at 772. The Court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be

conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from June 30, 2011, through the date of the ALJ's decision. (Op. at 3, PageID.98). Plaintiff had not engaged in substantial gainful activity on or after June 30, 2011, her alleged onset of disability. (*Id.*). Plaintiff had the following severe impairments: "degenerative disc disease and obesity." (*Id.*).

Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 4, PageID.99). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except frequently push and pull with the upper extremities; occasionally balance, stoop, kneel, crouch, crawl, and climb stairs and ramps; never climb ladders, ropes, or scaffolds; and avoid concentrated exposure to hazards.

(Op. at 4, PageID.99). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (*Id.* at 4-7, PageID.99-102). The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis because she was capable of performing her past relevant work as an accounts payable clerk, both as the job is generally performed in the national economy and as plaintiff performed it. (*Id.* at 7, PageID.102).

1.

Plaintiff argues that the ALJ's factual finding regarding her credibility is not supported by substantial evidence. (Plf. Brief at 6-8, 10-12, 15-16, Page ID 487-89, 491-93, 496-97). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "Claimants challenging the ALJ's credibility

determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.'").

"Upon review, [the Court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the Court] d[oes] not, of observing a witness's demeanor while testifying." Jones, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248.

Here, the ALJ gave a lengthy, and detailed explanation why he found that plaintiff's testimony was not credible. (Op. at 4-7, Page ID 99-102). The ALJ's

factual finding regarding plaintiff's credibility easily passes appellate review under the deferential substantial evidence standard.

**2.**

Plaintiff's second claim of error is that the ALJ failed to "properly evaluate" medical records. (Statement of Errors, Plf. Brief at 6, PageID.487). There is no developed argument corresponding to this statement of error. The issue is deemed waived. "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'"[1] *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)); *see United States*

---

[1] Plaintiff's mentions the treating physician rule in the body of her brief. (Plf. Brief at 14-15, PageID495-96). The issue is deemed waived on three grounds. First, plaintiff's statement of errors does not include any claim that the ALJ violated the treating physician rule. Issues not included in the plaintiff's statement of issues are deemed waived. *See Ealy v. Commissioner*, 594 F.3d 504, 513 (6th Cir. 2010); see also *Jones v. Commissioner*, No. 1:13-cv-340, 2015 WL 1002858, at * 1 n. 2 (W.D. Mich. Mar. 5, 2015) (collecting cases). Second, although plaintiff mentions the treating physician rule in the body of her initial brief, no specific physician is identified, much less the specific medical opinion provided by that treating physician that failed to receive appropriate weight. *See Burke v. Commissioner*, No. 13-13824, 2014 WL 5499301, at * 8 (E.D. Mich. Oct. 30, 2014); *Thomas v. Commissioner*, No. 13-10579, 2014 WL 988939, at * 14 n.1 (E.D. Mich. Mar. 13, 2014); *Slominski v. Commissioner*, No. 1:10-cv-1295, 2012 WL 831372 at * 6 (W.D. Mich. Mar. 12, 2012). Third, it is well established that a reply brief is not the proper place to raise and develop new arguments that should have appeared in an initial brief. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). A reply brief is the plaintiff's opportunity to respond to arguments raised for the first time in the defendant's brief. A plaintiff cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of plaintiff's arguments. *Scottsdale*, 513 F.3d at 553.

v. *Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996); *accord Curler v. Commissioner*, 561 F. App'x 464, 475 (6th Cir. 2014) ("[Plaintiff develops no argument to support a remand, and thus the request is waived.").

### 3.

Plaintiff's third claim of error is the ALJ's decision finding that she was not disabled is not supported by substantial evidence because the hypothetical question posed to the vocational expert (VE) was inaccurate. (Plf. Brief at 6, 8, 10, 12, PageID.487, 489, 491, 493). This purported error has no basis in the record. The claimant has the burden of proof at steps 1 through 4 of the sequential analysis.[2] *Longworth v. Commissioner*, 402 F.3d 591, 595 (6th Cir. 2005); *Blankenship v.* Commissioner, 624 F. App'x 419, 424 (6th Cir. 2015). The ALJ never reached step five in the sequential analysis.[3] At step four, the ALJ found that plaintiff was not

---

[2] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

[3] The ALJ was not required to proceed to step 5 and make an alternative holding. If at any point in the sequential evaluation process the ALJ determines that a

disabled because she was capable of performing her past relevant work as an accounts payable clerk, both as plaintiff performed it and as that job is generally performed in the national economy. (Op. at 7, PageID.130).

It was plaintiff's burden at step 4 to prove that (1) she was unable to perform the functional demands and duties of a past relevant job as plaintiff actually performed it, and (2) she was unable to perform the functional demands and job duties of her occupation as generally required by employers throughout the national economy. *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556 (6th Cir. 1995); *see also Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that she is unable to perform her past relevant work and that she is unable to return to her former type of work as generally performed."); *accord Jordan v. Commissioner*, 548 F.3d 417, 422-23 (6th Cir. 2008).

Under section 404.1520(f) of the regulations, as interpreted by the Social Security Administration, a claimant will be found to be "not disabled" when it is determined that she retains the RFC to perform: (1) "[t]he actual functional demands and job duties of a particular past relevant job;" or (2) "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Titles II and XVI: The Particular Job or the*

---

claimant is not disabled, the ALJ is not required to go on to the next step. 20 C.F.R. § 404.1520(a)(4); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006).

*Occupation as Generally Performed*, SSR 82-61 (S.S.A. 1982) (reprinted at 1982 WL 31387, at *2). The two tests set forth in SSR 82-61 are plainly disjunctive. *See Smith v. Barnhart*, 388 F.3d 251, 253 (7th Cir. 2004); *Barnett v. Barnhart*, 362 F.3d 1020, 1023 n.3 (8th Cir. 2004); *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995). Plaintiff has not challenged the ALJ's findings with regard to the functional demands of work as an accounts payable clerk as plaintiff performed the job or as it is generally performed in the national economy.

Plaintiff asks the Court to remand this matter to the Commissioner because she now believes that further testimony is needed to determine when she performed the accounts payable job. (Plf. Brief at 12-13, PageID.493-94). This is not a basis for disturbing the Commissioner's decision. The time for plaintiff to present her argument and evidence establishing that her work as an accounts payable clerk was too remote in time to be considered as past relevant work was before, not after, the ALJ made his decision denying her claim for DIB benefits. A review of plaintiff's prehearing brief (PageID.293-95) and the hearing transcript (PageID.41-71) shows that plaintiff never argued that her work as an accounts payable clerk was not past relevant work.

"'Past relevant work' is defined as work that you have done within the past 15 years, that was substantial gainful activity,[4] and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). The 15-year period "is generally the 15 years prior to the time of adjudication[.]'" *Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General*, SSR 82-62 (S.S.A. 1982) (reprinted at 1982 WL 31386, at * 2); *see Hurst v. Commissioner*, No. 11-10252, 2012 WL 262527, at * 4 (E.D. Mich. Jan. 3, 2012).

The ALJ's decision is dated June 10, 2013. Thus, all the work that plaintiff performed at the SGA level after June 9, 1998, falls within the category of past relevant work. Although plaintiff offered testimony at the hearing to the effect that she had worked as an accounts payable clerk "up to 1998, from about 1993 to '98" (PageID.59), she presented no wage records or other evidence supporting that assertion. Indeed, before the hearing plaintiff had filed multiple statements indicating that she had worked as an accounts payable clerk from 1996 to 2001 (PageID.241) or as late as October 2002 (PageID.220, 230, 259), and the dates extending into 2001 and 2002 are supported by plaintiff's wage records (PageID.186, 192-93, 205). There is more than substantial evidence supporting that ALJ's findings that plaintiff's work as an accounts payable clerk was past relevant work,

---

[4] "'Substantial gainful activity' is [] defined as work that involves 'significant physical or mental activities' done for 'pay or profit.' 20 C.F.R. § 404.1572(a)-(b)." *Wright–Hines v. Commissioner*, 597 F.3d 392, 395-96 (6th Cir. 2010); *see* 20 C.F.R. § 404.1565(a) ("We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity.").

and that plaintiff was not disabled because she was capable of performing that past relevant work, both as plaintiff performed the job and as the job is generally performed in the national economy.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   February 12, 2016       /s/   Phillip J. Green
                                 United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).