UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN ZACK,
        Plaintiff,

                              Case No. 1:14-cv-1078

v.

                              HON. PAUL L. MALONEY

COMMISSIONER OF SOCIAL
SECURITY,
        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review

of a final decision of the Commissioner of the Social Security Administration (Commissioner).

Plaintiff Susan Zack seeks review of the Commissioner's decision denying her claim for disability

insurance benefits (DIB) under Title II of the Social Security Act. Magistrate Judge Phillip J. Green

issued a report on February 12, 2016, recommending that the Court affirm the decision of the

Commissioner. (ECF No. 16.) Plaintiff filed an objection (ECF No. 17), and the Commissioner

filed a response (ECF No. 18) to the objection.

For the reasons discussed below, the Court will adopt the Report and Recommendation and

affirm the Commissioner's decision.

## I.    STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and

recommendations in a magistrate judge's report and recommendation ("R&R").  28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b).  A district court judge reviews *de novo* the portions of the R&R

to which objections have been filed, and may accept, reject, or modify, in whole or in part, the

magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to object to an issue waives that issue, along with the party's right to appeal that issue.  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

"This court's review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  "Substantial evidence" is "more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  So long as the Commissioner's decision is supported by substantial evidence, this court must affirm, even if substantial evidence also supports the opposite conclusion and even if the court would have decided the matter differently.  *See Smith v. Chater*, 99 F.3d 780, 781–82 (6th Cir. 1996).

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of

credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## II.    DISCUSSION

Plaintiff objects to the Report and Recommendation on two grounds. The Court will address each in turn.

### A.    *Developed Argument and Waiver*

Plaintiff first takes issue with "the Magistrate's assertion that Plaintiff has failed to provide 'developed argument' and has thus had her arguments 'deemed waived.'" (ECF No. 17 at PageID.536.) To support that contention, Plaintiff merely states the following:

> Contrary to the Magistrate's assertion that Plaintiff's argument was made in a "skeletal" way [Doc #16 at 6], Plaintiff would not [sic] that her brief in support of her motion for summary judgment directly cites supporting relevant case law form the 6th Circuit Court of Appeals in assessing the claim. [Doc #13]. Plaintiffs brief clearly sets forth the legal argument that the ALJ's adopted RFC and decision in this case were not based upon the substantial evidence, and thus cannot be allowed to stand. [Doc #13]. Plaintiff thus objects to the notion that this argument was not supported.

(*Id.*) However, the Magistrate Judge only invoked waiver with respect to Plaintiff's *second* claim of error, "that the ALJ [allegedly] failed to 'properly evaluate' medical records." (ECF No. 16 at PageID.529.) Contrary to what Plaintiff argues, the Magistrate Judge considered arguments with respect to whether "the ALJ's adopted RFC and decision in this case were . . . based upon the substantial evidence." (ECF No. 17 at PageID.536.) And *this* objection actually *underscores* the Magistrate Judge's determination that "[t]here is no developed argument corresponding to th[e] [underlying] statement of error," namely, whether "the ALJ failed to 'properly evaluate' medical records.'" (ECF No. 16 at PageID.529.) Plaintiff does not actually argue with any specificity.

Thus, again the objection itself reflects a pattern of "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," which of course, "are deemed waived." (ECF No. 16 at PageID.529 (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997))); *see Mira*, 806 F.2d at 637; *see also Janssen Comm'r of Soc. Sec.*, No. 14-12453, 2015 WL 1737555, at *4 (E.D. Mich. Apr. 16, 2015) (finding that plaintiff's 'argument against waiver actually constitutes waiver'").

### B.     *Substantial Evidence*

Plaintiff then argues that "the ALJ's opinion is not supported by the evidence and falls outside the 'zone of choice,' as only a finding that the Claimant is disabled is warranted from the evidence." (ECF No. 17 at PageID.536.) True to form, most of the second argument is "too general," failing to "pinpoint those portions of the magistrate judge's report that the district court

4

must specifically consider." *Mira*, 806 F.2d at 637. In fact, as the Commissioner notes, Plaintiff

does not point to any facts or legal authority that undermine the Report and Recommendation,

instead declaring simply that "[t]he great weight of the substantial evidence on record can only

prove for a finding that the Claimant is disabled due to her severe impairments of degenerative

disc disease and obesity." (ECF No. 17 at PageID.536.)[1]

Plaintiff raises a single substantive argument that the Court must address, arguing that

reversal is warranted because the ALJ did not explicitly weigh Dr. Sheill's June 2012

consultative report. (ECF No. 17 at PageID.541.) Amazingly, Plaintiff has raised *that* argument

for the first time in her objections to the Report and Recommendation, which also constitutes

waiver.[2] *See, e.g., Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010).[3]

## III.   CONCLUSION

Plaintiff's objections are too "conclusory" and "general," or otherwise raise arguments

for the first time, and Plaintiff has failed to carry her burden "to pinpoint those portions of the

magistrate's report that the district court must specifically consider." *See Mira*, 806 F.2d at 637.

Accordingly, Plaintiff's **OBJECTIONS** are **OVERRULED**, and the Report and

Recommendation is **ADOPTED** in full. The Commissioner's decision is **AFFIRMED**.

**JUDGMENT** in favor of the Commissioner will follow.

   **IT IS SO ORDERED**.

Date:   March 17, 2016          /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge

---

[1] Ironically, Plaintiff actually takes umbrage with the ALJ and alleges that he "arbitrarily gave weight or little weight by assessing *blanket statements* of statements being 'consistent with the evidence' or not *without actually explaining how they were consistent or not*." (*Id.* (emphasis added).)

[2] The Court can find no reference to any such argument in Plaintiff's initial brief. Plaintiff cites to a consultant in her reply brief, (*see* ECF No. 15 at PageID.521), but, raising an argument first in a reply brief also constitutes waiver.

[3] Plaintiff also alleges that the ALJ's failed to expressly state how much weight he gave to "any of the doctors aside from the state agency psychological consultant's opinion," but then does not even identify who "any of the doctors" are or what they opined, let alone explain how further discussion of their opinions would advance any claim.

5